FILED
U.S. DISTRICT COURT
2019 MAR 21 AM 11:44

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARTIN LEROY SPRIGGS, # 402-499, # 309-9176, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-2918 |
| MS. BRADSHAW, A.J. JOHNSON, K. BAKER, A. DOUGLAS, MILLER, | * * * | |
| Defendants | * | |

## MEMORANDUM

Plaintiff Martin Spriggs, a Maryland Division of Correction prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 (ECF 1), as amended (ECF 3), claiming that defendants assaulted him, threatened family members, and improperly placed him in segregated housing. *Id.* He refers to an incident on September 12, 2017, which took place while he was housed at Maryland Reception, Diagnostic & Classification Center ("MRDCC").[1] *Id.* According to Spriggs, the incident began when Spriggs asked to speak with a supervisor to report staff interference with his medication, food, mail, and telephone access. ECF 3 at 4.

In a motion to dismiss or for summary judgment (ECF 15), supported by a memorandum (ECF 15-1) and exhibits, defendants claimed that Spriggs refused to allow his cell door slot to close, threatened to spit on and stab any officers who tried to close the slot, and swung a homemade weapon at an officer's hand. ECF 15-2 at 53; ECF 53-4, Johnson Decl., ¶ 5. A melee ensued, and Spriggs was subdued. As Spriggs was escorted to the medical unit, he produced a second weapon,

---

[1] At the time he filed suit, Spriggs was housed at Western Correctional Institution.

resulting in another melee. ECF 15-2, at 31-33.

Spriggs was subsequently indicted on two counts of possession of deadly weapon with intent to injure, two counts of possession of contraband in a place of confinement, and one count of second-degree assault in connection with this incident. *See State v. Spriggs,* Case No. 117331031 (Cir. Ct. Balto. City).[2] Because adjudication of Spriggs' civil rights action could implicate his pending criminal case, this lawsuit was stayed and defendants' dispositive motion was dismissed, without prejudice, until the criminal case was completed. ECF 18 (Order of 5/1/18); *see generally Wallace v. Kato,* 549 U.S. 384, 393-94 (2007).

On August 16, 2018, Spriggs pleaded guilty to one count of possession of a deadly weapon with intent to injure and was sentenced to two years, with the sentence commencing on September 12, 2017. *See* docket entries, *State v. Spriggs,* Case No. 117331031, ECF No. 22-1. Thereafter, on September 27, 2018, defendants renewed their dispositive motion (ECF 22), supported by an additional exhibit. ECF 22-1. Spriggs filed an opposition (ECF 24), docketed as a "supplement to the complaint." On October 10, 2018, Spriggs notified the Clerk that he had been transferred to Patuxent Institution. ECF 25. He has filed no further submissions with this Court.

Pursuant to local rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions. *See* Local Rule 102.1.b.iii. (D. Md. 2018). Court personnel were recently informed that Spriggs was transferred from Patuxent on January 23, 2019. Approximately two months have passed since that transfer, and no notice has been received from Spriggs, indicating where he may now be reached. Consequently, the instant action shall be dismissed, without prejudice.

---

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

An Order follows.

Date: March 21, 2019

/s/
Ellen L. Hollander
United States District Judge